**SO ORDERED.**

**SIGNED this 23 day of May, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

    **LESTER N. MCCUNE,**

        **Debtor.**                                    **Case No. 04-08922-8-JRL
Chapter 13**

_____

**ORDER**

This case is before the court on the Chapter 7 Trustee's Response to Debtor's Motion to Convert to Chapter 13 and Motion for Reconversion to a Case under Chapter 7. On May 17, 2006, the court conducted a hearing on this matter in Wilmington, North Carolina.

On November 16, 2004, the debtor filed a Chapter 7 case. The debtor listed a one-half undivided interest in real property located in Brunswick County, North Carolina. The debtor valued his interest in the property at $52,640.00 and stated that there was a secured claim of $115,000.00 against the property. The debtor claimed no exemptions in the property. On December 17, 2004, the trustee conducted a § 341 meeting. At the meeting, the debtor stated that he held the property jointly with his wife, Donna McCune, and that he had been separated from his wife for eleven months. The trustee requested a copy of the

separation agreement and a joint credit report.

Faye Brock, a local real estate agent, performed a "drive by" appraisal of the property and determined that the property could sell for $160,000.00 to $200,000.00. Ms. Brock said that she would need access to the interior of the home in order to determine a possible listing price. On February 1, 2005, the debtor executed a quitclaim deed transferring his interest in the property to his then ex-wife, which deed was recorded on February 4, 2005. On February 16, 2005, prior to the Chapter 7 trustee knowing of the transfer, the debtor was granted his discharge.

On July 21, 2005, the Chapter 7 trustee filed a complaint against Ms. McCune, pursuant to 11 U.S.C. §§ 549 and 550, seeking to avoid the transfer and to recover the property for the bankruptcy estate. On March 22, 2006, the court entered a default judgment against Ms. McCune. On March 15, 2006, the trustee instituted another adversary proceeding against Ms. McCune, pursuant to 11 U.S.C. § 363(h), to sell the property free and clear of her interest. On May 16, 2006, the court entered a default judgment against Ms. McCune.

On July 11, 2005, the trustee filed an adversary proceeding against the debtor seeking to revoke the debtor's discharge, pursuant to 11 U.S.C. § 727(d). The court denied the debtor's motion to dismiss. The trustee sought to depose the debtor, but the debtor did not attend the deposition scheduled for March 2006. The trustee scheduled another deposition for April 2006. On April 17, 2006, prior to the scheduled deposition, the debtor filed a motion to convert to Chapter 13. On April 26, 2006, the court granted the debtor's motion, pursuant to 11 U.S.C. § 706(a). *See* <u>Finney v. Smith (In re Finney)</u>, 992 F.2d 43 (4th Cir. 1993)(affirming the district court's ruling that subjective bad faith was "insufficiently egregious" to abrogate the Chapter 7 debtor's unqualified right of conversion to Chapter 13 under § 706(a) but that it

2

justified *sua sponte* consideration of whether reconversion to Chapter 7 was appropriate based on objective futility).

At the hearing on the Chapter 7 trustee's subject motion to reconvert, the debtor stated that he had provided the trustee with a copy of the separation agreement and joint credit report as requested at the § 341 meeting. Based on the questions asked at the § 341 meeting and the fact that the trustee did not contact him for weeks thereafter, the debtor did not believe the trustee was interested in selling the property. The debtor said that he conveyed his one-half interest in the property to Ms. McCune pursuant to the separation agreement. If Ms. McCune had been unable to keep the home, she would have moved to West Virginia with the debtor's children. The Notice and Instructions to Debtor, entered November 16, 2004 in the Chapter 7 case, specifically stated: "Do not transfer any property or surrender possession of any property to any person, firm or corporation, other than your attorney or the trustee without a specific order of this court authorizing the same." The post-petition transfer that occurred during the Chapter 7 case was clearly unauthorized.

The court gives the debtor the opportunity to procure a certified appraiser approved by the Chapter 13 trustee to appraise the property and provide testimony of the present value of the property at an evidentiary hearing to be held in Wilmington, North Carolina, in June or July 2006. If there is no equity in the property, it will be in the best interest of creditors for the debtor to remain in Chapter 13. If there is equity in the property, then the court will give the debtor a chance to amend his Chapter 13 plan to pay the amount of equity into the plan; otherwise, the case will be reconverted to Chapter 7.

"END OF DOCUMENT"